Nazo Koulloukian, SBN 263809
nazo@koullaw.com
**KOUL LAW FIRM**
3435 Wilshire Blvd., Suite 1710
Los Angeles, CA 90010
Telephone: (213) 761-5484
Facsimile: (818) 561-3938

Attorneys for Plaintiff,
CRISTINA CHAIREZ, on behalf of herself,
all putative class members, aggrieved employees
and the State of California as a
Private Attorneys General

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CRISTINA CHAIREZ, on behalf of herself, all putative class members, aggrieved employees, and the State of CA as a Private Attorney General, <br><br> Plaintiffs, <br><br> vs. <br><br><br> RICH PRODUCTS CORPORATION, a Delaware Corporation; RICH HOLDINGS INC., a Delaware Corporation; and DOES 1-50, inclusive, <br><br> Defendants. <br> _____ | Case No.: 2:21-cv-05977 <br> **FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:** <br> **1. Failure to Pay All Wages Owed, Including Overtime Wages** <br> **2. Failure to Provide Timely Meal Breaks** <br> **3. Failure to Provide and/or Authorize Rest Breaks** <br> **4. Failure to Reimburse for Required Business Expenses** <br> **5. Failure to Pay Wages Upon Termination** <br> **6. Failure to Provide and Maintain Timely, Accurate, Itemized Wage Statements** <br> **7. Failure to Provide Safe Working Conditions** <br> **8. Unlawful Business Practices Bus & Prof. Code §17200** <br> **9. Private Attorneys General Act Penalties §2698 et seq** <br> **JURY TRIAL DEMANDED** |

Plaintiff CRISTINA CHAIREZ, individually, and on behalf of all others similarly situated, all aggrieved employees, and as a Private Attorney General for the State of California (collectively "Plaintiff"), alleges as follows:

## NATURE OF THE ACTION

1. This is an employment class and PAGA representative action on behalf of over 100 hourly, non-exempt employees against their employer for violations of numerous wage and hour laws. Plaintiff employees bring this employment class and representative action complaint on behalf of themselves**,** and all others similarly situated against RICH PRODUCTS CORPORATION, RICH HOLDINGS INC., and the other Defendants DOES 1-50, inclusive, (hereafter collectively "Defendant" or "Defendants").

2. Defendant is a manufacturer of food products, where Plaintiff worked as a general laborer from September 2019 until May 2020, earning approximately $16.73 per hour. Plaintiff and the proposed class earn at or near minimum wage.

3. As described further below, Defendants have violated the California Labor Code by (1) failing to pay for all hours worked including overtime wages; (2) failing to provide timely meal breaks; (3) failing to provide rest breaks; (4) failing to reimburse for required business expenses; (5) failing to timely pay wages due upon termination; (6) failing to provide timely, accurate wage statements and payroll records; (7) failing to provide safe working conditions; and (8) unlawful and unfair business practices (Bus. & Prof. Cod3 §17200, et. seq.). Plaintiff further alleges that Defendants are liable for civil penalties under the Private Attorneys General Act ("PAGA"), Labor Code §2698 et seq.

4. The class claims in this action are brought pursuant to Code of Civil Procedure ("CCP") §382, seeking recovery for unpaid wages, including overtime

wages, missed meal and rest period penalty pay, statutory and waiting time penalties, injunctive and other equitable relief, interest, and reasonable attorneys' fees and costs. Pursuant to the class and representative action procedures provided for under California law, Plaintiff, on behalf of themselves and proposed Class Members (also referred to as "Class"), and aggrieved employees, also seeks injunctive relief and restitution of all benefits Defendants have received from their unlawful actions as alleged herein. Plaintiff has also provided notice of these claims pursuant to §2698 et. seq., to the Labor and Workforce and Development Agency ("LWDA") and now brings this First Amended Complaint, including claims for civil penalties under the Private Attorneys General Act ("PAGA"), Labor Code §2698 et seq.   Attorney General Act ("PAGA"), Labor Code §2698 et seq.

5. The "Class Period" is designated as the four-year period prior to the filing of this Complaint through the date of final disposition of this action. From the start of the Class Period through the present, Defendants have had a policy and/or practice of among other violations: rounding employee time card entries, frequently failing to provide meal and rest breaks, frequently issuing inaccurate wage statements, ignoring and violating California wage and hour laws in their business as more fully set forth below.

6. The "PAGA Period" is defined herein commences one year prior to the date of filing the PAGA Notice letter with the LWDA.

7. Defendants have treated all persons employed in California in such a way as to violate California's laws governing conditions of employment and payment of wages owed.  Plaintiff asserts that Defendants have knowingly and with conscious disregard of the law refused to pay the Class Members all wages owed, including overtime wages and meal and rest break penalty wages. Defendants have violated numerous Labor Code provisions, as set forth herein. Class Members are owed their

back pay, plus interest and/or premiums and penalties under Business and Professions Code section 17203 to compensate Class Members and Class Members for the delay in receiving wages due.

8. Defendants, by and through their actions, have engaged in unfair competition,
requiring restitution to persons affected and disgorgement of profits so obtained.

## THE PARTIES

9. Plaintiff CRISTINA CHAIREZ is an individual who resides in California and was employed by Defendants from July of 2018 and continued until December of 2020.

10. Defendant RICH PRODUCTS CORPORATION is a Delaware Corporation and doing business in California with the capacity to sue and to be sued, and doing business in the county of Los Angeles, State of California.

11. Defendant RICH HOLDINGS INC. is a Delaware Corporation and doing business in California with the capacity to sue and to be sued, and doing business in the county of Los Angeles, State of California.

12. Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believe, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages sustained by Plaintiff, Class Members, and Aggrieved Employees herein alleged were proximately caused by such Doe Defendants.

13. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

## JURISDICTION AND VENUE

14. Venue is proper in this judicial district because Defendants conduct business in this County and Defendants have legal obligations to Plaintiff, Aggrieved Employees and many of the Class Members in this case that arose in this county.

15. The monetary damages, restitution and statutory penalties sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. Based on information, investigation and analysis, Plaintiff alleges that the amount in controversy, including claims for monetary damages, penalties and attorney's fees is more than twenty-five thousand dollars ($25,000).

16. The California Superior Court has jurisdiction in this matter because Plaintiff is a resident of California and Defendants are incorporated in and/or qualified to do business in California and regularly conduct business in California. Further, there is no federal question at issue as the claims herein are based solely on California law.

# CLASS AND REPRESENTATIVE ACTION ALLEGATIONS

17. During the Class Period and PAGA Period, Defendants committed various violations of the California Labor Code, the CCR, the UCL and IWC Wage Order 1, as alleged below in more detail. Defendants enforce multiple policies that violate state law which are intended to increase its own profits to the detriment of its workers.

18. Defendants employed, upon information and belief, more than 100 current and former non-exempt employees (hereafter "Class Members" or "Class") during the Class Period.

19. Defendants failed to pay for all hours worked; timely provide and/or authorize meal breaks; timely provide and/or authorize rest breaks; timely reimburse for required business expenses; and provide timely, accurate wage statements and maintain required payroll records. These practices also constitute unlawful and unfair business practices. These policies and practices have deprived Plaintiff and Class Members, and Aggrieved Employees of payment for all hours worked, and further damages, as set forth below, and render Defendants liable for damages, including penalties under PAGA.

20. <u>Failure to pay for all hours worked Including Overtime Wages</u>. Defendants have been engaged in many unlawful employment practices which resulted in underpayment for hours worked each pay period, including overtime hours worked, as more fully set forth below:

    A. <u>Pre and Post Shift Work and Time-Shaving</u>.  Plaintiff, Class Members, and Aggrieved Employees frequently worked off the clock and were routinely subjected to periods wherein they were under the Employers' control but not compensated for their time. Employees were required to undergo temperature checks during

each of their shifts which were administered off the clock and took up to 3 minutes of their unpaid time. Employers also rounded employee's timecard minutes, causing Plaintiff, Class Members, and Aggrieved Employees to be underpaid on a daily basis.

B. <u>Work Performed During Unpaid Meal Periods.</u> Defendants failed to permit Plaintiff, Class Members and aggrieved employees to take timely, off-duty, meal breaks of "not less than 30 minutes" for each five consecutive hours of work in violation of Labor Code §§226.7 and 512. Plaintiff and aggrieved employees would need to be relieved by other employees to take meal periods and this frequently did not happen. Plaintiff's unpaid meal periods were frequently interrupted with work or not given at all.

C. <u>Failure to pay wages- required minimum wage.</u> Defendants failed to pay Plaintiff and aggrieved employees for all hours worked as a result of Defendants' practice of requiring employees to work during mandated meal and rest periods. Based on Defendants' unlawful conduct described above, and because Plaintiff and the aggrieved employees were paid at or near minimum wage, Defendants' failure to pay for all hours worked, including overtime, resulted in a payment of less than the minimum wage for all hours worked, in violation of Labor Code §1197, 1197.1, 1199 and Wage Order 1-2001 4(B). Defendants are liable for civil penalties pursuant to Labor Code §§558 and 2699 *et seq.*

D. <u>Failure to Pay COVID-19 Supplemental Paid Sick Leave.</u> Pursuant to Labor Code §1197, "[t]he minimum wage for employees fixed by the commission or by any applicable state or local law, is the

minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful." In the case of COVID-19, Executive Order N-51-20 and Labor code 248.2 require that employers provide 80 hours of paid sick leave to full time employees. Under the Executive Order food sector workers who work full time are entitled to 80 hours of paid sick leave if the worker is subject to a Federal, State, or local quarantine or isolation order related to COVID-19, or the worker is advised by a health care provider to self-isolate or self-quarantine due to health concerns related to COVID-19, or the worker is prohibited from working by the worker's hiring entity due to health care concerns related to the potential transmission of COVID-19. In this case, Defendants are covered employers under N-51-20 and 248.2 and Plaintiff, Class Members, and aggrieved employees are covered employees. Although Plaintiff was sick with symptoms of COVID-19 and when she reported that she could not attend work due to her illness, which she believed to be COVID-19, she was not given the required time allowed for the illness. Instead, she was given points against her for her absence which led to her termination.

21. <u>Failure to Provide a Safe Working Environment</u>. Defendants failed to take safety measures required to keep employees safe during COVID-19. Labor Codes 6400, 6401, 6401.7, 6402, 6403, 6404, 6407, and 6409 make it unlawful to employ employees in conditions not kept safe and healthful.

22. <u>Meal periods.</u> During the class period, Defendants failed to maintain a compliant meal period policy and practice. Defendants failed to consistently permit Plaintiff, Class Members, and Aggrieved Employees to take timely, off-duty, meal

breaks of "not less than 30 minutes" for each five consecutive hours of work in violation of Labor Code §§226.7 and 512. On many occasions, Plaintiff and aggrieved employees were unable to take a compliant meal period because meal periods were frequently interrupted or not given at all. Defendants failed to permit Plaintiff, Class Members, and Aggrieved Employees to take timely, off-duty, meal breaks of "not less than 30 minutes" for each five consecutive hours of work in violation of Labor Code §§226.7 and 512. Plaintiff, Class Members, and Aggrieved Employees were often not paid penalty wages for missed and non-compliant meal periods.

23. <u>Rest Breaks.</u> During the class period, Defendants failed to maintain a compliant meal period policy and practice. Defendants did not authorize or permit all of its hourly employees to take at least a ten-minute rest periods in which they were relieved of all duties, for every 4 hours of work, or major fraction thereof, as required by Cal. Lab. Code §226.7, §512 and Wage Order 1-2001 12(A). According to Plaintiff, his rest breaks, and those of his coworkers, were frequently interrupted or nonexistent. Defendants failed to pay Plaintiff and similarly situated employees all premium compensation (one hour of pay at the employee's regular rate of pay for missed or untimely rest periods) mandated by Labor Code §226.7 (b) for these missed and/or interrupted rest periods.

24. <u>Failure to Reimburse for Business Expenses.</u> During the Class Period, Defendants failed to reimburse Plaintiff, Class Members and Aggrieved Employees for business expenses, as required by Labor Code §2802. Plaintiff and those similarly situated were required by Defendants to use their personal cellular phones for work related reasons and Defendants failed to reimburse them for that use.

25. <u>Failure to timely pay all wages owed.</u> Defendants failed to timely pay all wages owed by failing to pay all wages due upon separation as well as failing to pay all wages owed twice per month.

A. <u>Failure to pay wages due upon termination</u>. As set forth above, due to Defendants' unlawful employment practices, Defendants knowingly and willfully failed to pay all compensation due and owing to Plaintiff at the time employment terminated as required by Cal. Lab. Code §§201 and 202.

B. <u>Failure to pay all wages owed twice per month.</u> Defendants were required to pay Plaintiff and aggrieved employees all wages earned twice during each calendar month pursuant to Labor Code §204(a). Defendants failed to pay all wages earned to employees as a result of the unlawful employment policies and practices discussed herein. As a result of these practices, aggrieved employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month.

26. <u>Wage statement and record keeping violations</u>. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Plaintiff, Class Members, and Aggrieved Employees in accordance with Labor Code §§ 226 and 1174. Derivative of the claims alleged above, the statements provided to Plaintiffs, Class Members, and Aggrieved Employees have not accurately reflected actual gross wages earned, including overtime and meal/rest premiums and, total hours worked. Such failures caused injury to Plaintiff and others, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled.

27. <u>Unlawful business practices</u>. Based upon the above allegations, Defendants engaged in unfair competition.

## CALIFORNIA CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of herself, and all other persons similarly situated, to recover from Defendants for failure to comply with California wage and hour laws, and for claims under Business and Professions Code § 17200.

29. This action has been brought and may properly be maintained as a class action pursuant to the provisions of Code of Civil Procedure § 382 and/or a representative action under Business & Professions Code §§17200 et seq. and Labor Code §2699 because the proposed class is ascertainable and there is a well-defined community of interest. Plaintiffs are among in excess of 100 employees with like job titles, duties, and hourly wages, who have been similarly injured by Defendants' uniform, unlawful conduct.

30. The "Relevant Time Period" or proposed "Class Period" as defined herein commences four years prior to the date of filing this Complaint.

31. Plaintiff brings this action on their behalf and as a class action under Cal. Code of Civil Procedure §382 on behalf of the following defined groups:

Proposed Class:

"All persons who are employed or have been employed by Defendants in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations."

Proposed Sub-classes:

A. All persons who are employed or have been employed by Defendants in the State of California as hourly, non-exempt workers

during the period of the relevant statute of limitations, who worked one or more shift in excess of five (5) hours.

B. All persons who are employed or have been employed by Defendants in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of six (6) hours.

C. All persons who are employed or have been employed by Defendants in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of eight (8) hours.

D. All persons who are employed or have been employed by Defendants in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of three and one-half hours (3 ½), but less than or equal to six (6) hours.

E. All persons who are employed or have been employed by Defendants in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of six (6) hours, but less than or equal to ten (10) hours.

F. All persons who are employed or have been employed by Defendants in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who separated their employment from Defendants.

G. All persons who are employed or have been employed by Defendants in the State of California as hourly, non-exempt workers during since the onset of the COVID-19 pandemic.

H. All persons who are employed or have been employed by Defendants in the State of California as hourly, non-exempt workers since the enactment of Executive Order N-51-20 on April 16, 2020 who did not receive required paid sick leave.

I. All persons who are employed or have been employed by Defendants in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who received pay for one or more pay periods.

32. This action is brought, and may properly be maintained, as a class action under CCP §382 because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses (collectively "Class") are easily ascertainable.

A. Numerosity: The Proposed Class is so numerous that joinder of all members is impractical. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed over 100 putative Class Members who are geographically dispersed and who satisfy the definition of the proposed Class. As such, a class action is the only available method for the fair and efficient adjudication of this controversy. Membership in the Proposed Class can be easily ascertained by an examination and analysis of employee and payroll records, among other records within Defendants' possession and control.

B. Typicality: Plaintiff's claims are typical of the claims of the Class Members. Plaintiff, like others similarly situated, was subjected to

Defendants' common, unlawful policies, practices, and procedures described above. The Plaintiff's positions at the company was typical of those of other Class Members. Plaintiff's claims are typical of the claims of each Class Member because each have sustained damages arising out of and caused by Defendants' common course of conduct, as alleged herein. As such, Plaintiff has the same interests in this matter as all members of the Class.

C. Adequacy: Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in complex class actions and California labor and employment litigation.

D. Commonality: Common questions of law and fact exist, including but not limited to the following:

     i.     Whether Defendants violated wage and hour laws by failing to pay employees for all hours worked;

    ii.     Whether Defendants violated wage and hour laws by failure to always properly calculate wages and overtime for shifts;

   iii.     Whether Defendants violated wage and hour laws by failing to provide safe and healthful working conditions;

   iv.     Whether Defendants violated wage and hour laws in failing to make meal breaks available;

    v.     Whether Defendants violated wage and hour laws by failing to make rest periods available;

vi. Whether Defendants violated wage and hour laws by failing to provide cool-down recovery periods;

vii. Whether Defendants violated wage and hour laws in failing to reimburse for required business expenses;

viii. Whether Defendants maintained a workplace that is safe and healthful during the COVID-19 pandemic;

ix. Whether Defendants complied with Executive Order N-51-20;

x. Whether Defendants failure to pay the Class Members all wages owed, including overtime, violated Business & Professions Code § 17200;

xi. Whether Defendants failure to provide the Class Members rest periods violated Business & Professions Code § 17200;

xii. Whether Defendants failed to provide accurate wage statements to Plaintiffs and the Class as a consequence of the above listed wrongful acts;

xiii. Whether Defendants failed to provide Class Members with correct final wage statements;

xiv. Whether Defendants failed to pay wages, including overtime and final wages, to terminated or quitting employees in the Class on a timely basis;

xv. What is the appropriateness and nature of relief to each Plaintiff Class and Subclass member;

xvi. Whether Defendants' actions violated Business & Professions Code § 17200;

xvii. Whether the Class Members are entitled to various penalties from Defendants including, but not limited to, waiting-time penalties under Labor Code §§ 201, 202, 203,204, 226 and 558;

xviii. Whether the Class Members are entitled to injunctive relief to enjoin any further violations of wage and labor laws;

xix. What is the extent of liability of each Defendant, including DOE defendants, to each Plaintiff Class and Subclass member?

E. Superiority: A class action is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where the damage suffered by individual plaintiffs, while not inconsequential, makes individual actions impracticable given the expenses and burdens associated with seeking individual relief. Prosecuting over 100 identical, individual lawsuits does not promote judicial efficiency or equity and consistency in judicial results. Moreover, the Class is a group of hourly, low-wage earning employees who rely on their wages and requiring that each individual take time away from work to prosecute individual actions would be inequitable and result in undue hardship for the individual Class members and their families. Public policy favors efficient resolution of their claims and uniform enforcement of California Labor laws against entities skirting their legal obligations at the expense of a vulnerable working population.

33. Manageability: Plaintiff is informed and believes that all allegations in this Complaint are capable of being determined on the same evidence and based primarily on review of corporate records and key testimony of Defendants' corporate representatives. To the extent statistical analysis and representative evidence is necessary, Plaintiff and proposed class counsel will employ competent experts and consultants in the field to determine and review evidence for both issues of liability and damages in a scientifically reliable manner.

34. Plaintiff requests, pursuant to Rule 1857(a)(l) and Rule 3.766 of the California Rules of Court, that the absent Class and Subclass Members be notified by the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The names and address of the Class and Subclass Members are available from Defendants.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY EARNED WAGES, INCLUDING OVERTIME
### Cal. Labor Code §§218, 248.2, 510, 512, 558, 1194, 1197, 1198, 1199, 2699 *et seq.*, SB 95
### (All Plaintiffs Against All Defendants)

35. Plaintiffs reassert and re-allege paragraphs 1 through 33, inclusive, as if fully set forth and incorporate said paragraphs herein by reference.

36. Defendants' conduct described in this complaint violates the provisions of Labor Code §§ 218, 510, 1194 and the applicable IWC Wage Orders at (3)(A)(1).

37. Defendants employed a regular practice of requiring Plaintiff, Class Members, and aggrieved employees to participate in mandatory off the clock temperature checks which took up to at least 3 minutes to perform and which were

required for every shift.  Defendants also rounded timecards and required employees to work through unpaid meal periods.

38. In addition, Plaintiffs further allege Defendants failed to pay COVID-19 supplemental paid sick leave pursuant to Labor Code §248.2.  Pursuant to Labor Code §1197, "[t]he minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful." In addition, SB 95 is legislation which ensures access to up to 80 hours of COVID-19 supplemental paid sick leave for eligible employees, including those advised to quarantine or isolate and those caring for COVID-impacted family members.  In the case of COVID-19, Senate Bill 95 and Labor Code 248.2 require that Employers provide 80 hours of paid sick leave to full time employees. Employees who work full time are entitled to 80 hours of paid sick leave if the worker is subject to a Federal, State, or local quarantine or isolation order related to COVID-19, or the worker is advised by a health care provider to self-isolate or self-quarantine due to health concerns related to COVID-19, or the worker is prohibited from working by the worker's hiring entity due to health care concerns related to the potential transmission of COVID-19.

39. Labor Code Section 510 applied to Defendants' employment of Plaintiff, aggrieved employees, and the Rounding Subclass (also referred to within this cause of action collectively as "Class").  At all times relevant hereto, Labor Code Section 510 and the applicable IWC order provided that it was unlawful to employ persons such as members of the Class without compensating them at a rate of pay either one and one-half (1½) or two (2) times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.  Specifically, the applicable IWC order provided that Defendants were required to pay Plaintiff

and the rest of the Class at the rate of one and one-half (1½) times the Class member's regular rate of pay if the Class member worked more than eight (8) hours in a day or more than forty (40) hours in a work week. Furthermore, Defendants were required to pay Plaintiff and the rest of the Class at the rate of two (2) times the Class member's regular rate of pay if the Class member worked more than twelve (12) hours a day.

40. Plaintiff is informed and believes and based thereon, alleges that, during the Class period, Defendants failed to pay Plaintiff and Class all of the wages, including overtime wages, that they were due. Specifically, and without limitation, Plaintiff is informed and believes and based thereon, alleges that Defendants improperly "rounded" the work hours or time recorded for Plaintiff and the other Class Members. The time rounding methods utilized by Defendants resulted in underpayment of wages and overtime wages worked for Plaintiff and the rest of the Class. The rounding policy consistently favored Defendants and resulted in uncompensated hours worked for Plaintiff and Class Members. Accordingly, Plaintiff and the Class are entitled to recover from Defendants all damages, penalties and other remedies available.

41. Plaintiffs allege on information and belief that Defendants' failure to pay the Class Members overtime, as alleged in this cause of action, was willful, and thus entitles the Class Members to penalties under Labor Code § 203. Specifically, Labor Code § 203 provides that an employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

42. Pursuant to Labor Code § 558, Plaintiffs request that this Court award civil penalties as set forth in § 558 for each pay period during which Defendants failed to pay the Class Members as alleged above.

43. Plaintiffs further request an award of attorneys' fees pursuant to Labor Code §§ 218.5 and 1194 and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS AGAINST ALL DEFENDANTS

### Cal. Labor Code §§226, 226.7, 512, 558, 1198, 2699 *et seq.*

### (All Plaintiffs Against All Defendants)

44. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

45. Labor Code §512 provides, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes… An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes…" Labor Code §226.7(a) provides, "[n]o employer shall require an employee to work during any meal… period mandated by an applicable order of the Industrial Welfare Commission."

46. On many occasions, Plaintiff and aggrieved employees were unable to take a compliant meal period because meal periods were frequently interrupted and from time to time not given at all. Defendants failed to permit Plaintiffs and others to take timely, off-duty, meal breaks of "not less than 30 minutes" for each five consecutive hours of work in violation of Labor Code §§226.7 and 512. Moreover, because Defendants' policy and practice violates a Wage Order, Defendants are liable under Labor Code §1198. As a derivative claim, Plaintiff alleges that pay statements were inaccurate, failing to include required meal period penalties, thus failing the requirements of Labor Code §226(a). As a result of these violations,

Defendants are liable for civil penalties pursuant to Cal. Labor Code §558 and §2698 *et. Seq.*

47. Plaintiff seeks injunctive relief requiring Defendants to comply with the California Labor Code and relevant Wage Orders with respect to meal periods, declaratory relief that Defendants' policies regarding such are unlawful, and attorneys' fees and costs, and under Cal. Code of Civ. Pro. §1021.5.

48. In addition, and pursuant to Labor Code § 558, Plaintiff requests that this Court award civil penalties as set forth in § 558 for each pay period during which Defendants failed to pay the Class Members as alleged above.

49. Defendants' failure to pay meal period premiums was done willfully, in bad faith, in knowing violation of the California Labor Code and the IWC Wage Orders.

<u>**THIRD CAUSE OF ACTION**</u>

**REST PERIOD VIOLATIONS AGAINST ALL DEFENDANTS**

**Cal. Labor Code §§226, 226.7, 512, 558, 1198, 2698 *et seq***

**(All Plaintiffs Against All Defendants)**

50. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

51. Defendants did not authorize or permit all of its hourly employees to take at least a ten-minute rest period in which they were relieved of all duties, for every 4 hours of work, or major fraction thereof, as required by Cal. Lab. Code §226.7, §512 and Wage Order 1-2001 12(A). According to Plaintiff, their rest breaks, and those of their coworkers, were frequently interrupted or not given at all. Defendants failed to pay Plaintiff and similarly situated employees all premium compensation (one hour of pay at the employee's regular rate of pay for missed or untimely rest

periods) mandated by Labor Code §226.7 (b) for these missed and/or interrupted rest periods. Because Defendants violated Section 12(A) of Wage Order 1, Defendants are liable under Labor Code §1198. Further, as a derivative claim, Plaintiffs also allege that their pay statements were inaccurate, failing to include required rest period penalties, thus failing the requirements of Labor Code §226(a). As a result of these violations, Defendants are liable for civil penalties pursuant to Cal. Labor Code §558 and §2698 *et. seq.*

52. Plaintiff also seeks injunctive relief requiring Defendants to comply with the California Labor Code and Wage Orders with respect to rest periods, declaratory relief that Defendants' policies regarding such are unlawful, and attorneys' fees and costs, and under Cal. Code of Civ. Pro. §1021.5.

53. Defendants' failure to pay rest period premiums was done willfully, in bad faith, in knowing violation of the California Labor Code and the IWC Wage Order.

## FOURTH CAUSE OF ACTION
### FAILURE TO REIMBURSE FOR REQUIRED BUSINESS EXPENSES
### California Labor Code sections 203, 558, 218.5, 2802; CCP1021.5
### (All Plaintiffs Against All Defendants)

54. Plaintiffs incorporates all preceding paragraphs as if set forth in full herein.

55. Defendants were required to reimburse Plaintiff and Class Members for business expenses related to cell phone use.

56. Here, Plaintiff and Class Members were required to use their cell phones for work related purposes while working for Defendants. However, no

reimbursement for work related cell phone use was ever paid to employees. Plaintiff's paystubs do not have any entries for reimbursement of any expenses.

57. As a result of Defendants' conduct, Plaintiff and the Class will seek reimbursement for required expenses, as well as reasonable attorneys' fees, and costs of suit pursuant to Labor Code § 218.5 and CCP 1021.5.

58. Plaintiffs allege on information and belief that Defendants' failure to pay the Class Members for this expense, which decreased their effective rate of pay resulting in unpaid and/or underpaid wages owed, was willful, and thus entitles the Class Members to penalties under Labor Code § 203. Specifically, Labor Code § 203 provides that an employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

59. In addition, and pursuant to Labor Code § 558, Plaintiff requests that this Court award civil penalties as set forth in § 558 for each pay period during which Defendants failed to pay the Class Members as alleged above.

## FIFTH CAUSE OF ACTION
### FAILURE TO TIMELY PAY ALL WAGES OWED UPON SEPARATION
### Cal. Lab. Code §§201, 202 and 2698 *et seq.*
### (All Plaintiffs Against All Defendants)

60. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

61. During the Class period, Labor Code Sections 201 and 202 applied to Defendants' employment of Plaintiff and the rest of the Waiting Time Subclass (also referred to within this cause of action collectively as "Class"). At all times relevant hereto, Labor Code Section 201 provided that, if an employer such as Defendants

discharged an employee such as a member of the Class, the wages earned and unpaid at the time of discharge were due and payable immediately. Furthermore, Labor Code Sections 202 provided that, if an employee such as a member of the Class voluntarily left his or her employment, the wages earned and unpaid must be paid by the employer within seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to leave, in which case the employee is entitled to receive his or her wages immediately at the time of quitting.

62. Plaintiff is informed and believes and based thereon, alleges that, during the Class period, Defendants willfully failed to pay former employees in the Class their earned and unpaid wages, either at the time of their discharge or within seventy-two (72) hours of their quitting. Furthermore, Defendants failed to pay Plaintiff, on a timely basis, all of the wages due to her at the time of termination or quitting, including overtime wages.

63. As alleged above, by failing to comply with California labor laws governing the addition of nondiscretionary bonuses in the calculation of overtime pay and rounding employee punch times resulting in failure to pay for all hours worked by Plaintiffs and the Waiting Time Subclass, as well as failure to pay meal and rest period penalty wages, Defendants underpaid the actual amount of regular hours and overtime hours worked by Plaintiffs and the rest of the Waiting Time Subclass. These unpaid amounts were still owing to former employees in the Class when they ended their employment with Defendants. Consequently, Defendants failed to timely pay all wages due former employees in the Class at the time that their employment ended.

64. During the Class Period, Labor Code Section 203 provided that, if employers such as Defendants willfully fail to pay any wages of an employee who

is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days. Accordingly, Class Members who were discharged or who quit during the Class Period are entitled to receive their wages for each day they were not paid, at their regular rate of pay, up to a maximum of thirty (30) days.

65. Plaintiff will seek both restitution pursuant to Labor Code §558(a)(3) for himself and members of the proposed Subclass for each violation of Labor Code §203 during the Class Period, in an amount according to proof based on Defendants' corporate and payroll records.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS AGAINST ALL DEFENDANTS

### Cal. Labor Code §§ 226, 1174, 2699 *et seq.*

### (All Plaintiffs Against All Defendants)

66. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

67. California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period, and all applicable hourly rates in effect during the pay period, the corresponding number of hours worked at each hourly rate by the employee, and the true legal name of the entity that is the employer.

68. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor

Code § 226(a) is entitled to recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

69. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Plaintiff, Class Members, and Aggrieved Employees in accordance with Labor Code §§ 226 and 1174.

70. Derivative of the claims alleged above, the statements provided to Plaintiff, Class Members, and Aggrieved Employees have not accurately reflected actual gross wages earned, including overtime and meal/rest premiums and, total hour worked requirements. Such failures caused injury to Plaintiff and others, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Defendants' violations of Labor Code section 226 are ongoing and will continue until and unless this Court enters an injunction barring such violations.

71. Plaintiff, Class Members, and Aggrieved Employees are therefore entitled to the damages and penalties, plus attorneys' fees and costs, provided for under Labor Code §§ 226(e) and (g). Pursuant to Labor Code § 226(g), Plaintiff, Class Members, and Aggrieved Employees are also entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a).

72. Labor Code § 1174 provides that "[e]very employer employing labor in this state shall ... (c) [k]eep a record showing the names and addresses of all employees employed and the ages of all minors [and] (d) [k]eep at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to,

employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than two years."

73. Labor Code § 1174.5 provides that "[a]ny person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records maintained by subdivision (d) of Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500)."

74. Plaintiff alleges on information and belief that Defendants knowingly and intentionally failed to furnish the Class Members with accurate itemized statements for each pay period that they worked and failed to maintain accurate payroll records of the Class Members as mandated by Labor Code §§ 226 and 1174. As such, the Class Members are entitled to civil penalties and an award of costs and attorney's fees under § 226(e). In addition, the Class Members are entitled to recover civil penalties under § 1174.5.

## SEVENTH CAUSE OF ACTION
### FAILURE TO PROVIDE SAFE WORKING CONDITIONS
### Cal. Labor Code §§§§6400, 6401, 6402, 6403, 6404, 6407, 6409, 2699 *et seq.*
### (All Plaintiffs Against All Defendants)

75. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

76. Cal. Labor Code § 6400(a) provides that every employer shall furnish employment and a place of employment that is safe and healthful for the employees therein.

77. Cal. Labor Code §6401 provides that "every employer shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful. Every employer.

78. Pursuant to Cal. Labor Code §6402, no employer shall require, or permit any employee to go or be in any employment or place of employment which is not safe and healthful.

79. Cal. Labor Code §6403 states that no employer shall fail or neglect to provide and use safety devices and safeguards reasonably adequate to render the employment and place of employment safe, or to adopt and use methods and processes reasonably adequate to render the employment and place of employment safe, or to do every other thing reasonably necessary to protect the life, safety, and health of employees.

80. Cal. Labor Code § 6404 provides that no employer shall occupy or maintain any place of employment that is not safe and healthful. Cal. Labor Code § 6407 provides that every employer and every employee shall comply with occupational safety and health standards, with Section 25910 of the Health and Safety Code, and with all rules, regulations, and orders pursuant to this division which are applicable to his own actions and conduct.

81. Defendants failed to timely make changes to the workplace at the onset of COVID. Under LC §6409.6(a)(1). "COVID-19" means severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2).

82. Defendants required employees to continue to work without distancing throughout the pandemic. Many employees got sick with COVID. In addition, Defendants did not require or encourage Employees to take time off during their illness. In fact, Defendants punished Employees, such as Plaintiff, for taking time

off when due to Covid illness, by logging points against them. Points logged against Employees could and did, in some cases, result in their termination, as was the case with Plaintiff. As a result of these practices, Employers have violated Cal. Labor Code §§6400, 6401, 6402, 6403, 6404, and 6407 for failure to provide a safe and healthful environment for their Employees, as outlined above.

## EIGHTH CAUSE OF ACTION

### UNFAIR PRACTICE UNDER THE UNFAIR COMPETITION ACT ("UCL") AGAINST ALL DEFENDANTS

**(All Plaintiffs Against All Defendants)**

83. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

84. Defendants knowingly committed, and upon information and belief continue to commit, ongoing unlawful business practices within the meaning of the UCL, including, but not limited to unlawful practices as described in the causes of action articulated above, and hereby incorporated herein.

85. Plaintiff lost money and property as a result of Defendants' unlawful business practices described above.

86. Pursuant to the UCL, Plaintiff, all Class Members, and Aggrieved Employees are entitled to restitution of money or property acquired by Defendants by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

87. Pursuant to the UCL, Plaintiff, Class Members, and Aggrieved Employees are entitled to injunctive relief against Defendants' ongoing unlawful business practices. If an injunction does not issue enjoining Defendants from

engaging in the unlawful business practices described above, Plaintiff and the general public will be irreparably injured.

88. Plaintiff has no plain, speedy, and adequate remedy at law. Defendants, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of Plaintiff, Class Members, Aggrieved Employees and of the general public.

89. Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public.

90. Defendants' numerous violations of local and California law, as well as the other statutory and regulatory violations alleged herein, constitute unlawful business actions and practices in violation of Business and Professions Code § 17200, et seq.

91. Pursuant to Business and Professions Code § 17200, et seq., Plaintiff, Class Members and Aggrieved Employees are entitled to restitution of unpaid wages and penalty pay, among other relief alleged herein, that were withheld and retained by Defendants during a period that commences four years prior to the filing of this action. Plaintiffs are further entitled to a permanent injunction requiring Defendants to comply with all provisions of California labor law, including properly paying the lawful rate of pay for all hours worked, providing meal/rest periods to all workers as defined herein, timely pay wages upon discharge, maintain accurate wages statements and payroll records, in addition to an award of attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

///

///

## NINTH CAUSE OF ACTION

**STATUTORY PENALTIES PURSUANT TO PRIVATE ATTORNEYS
GENERAL ACT, LABOR CODE §2698 et seq.**

**(All Plaintiffs Against All Defendants)**

92. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

93. Under the Private Attorneys General Act of 2006, Labor Code §§2698-2699.5, an aggrieved employee, on behalf of herself and other current or former employees, may recover penalties under any provision of the Labor Code that provides for civil penalties. These penalties are in addition to any other relief available under the Labor Code. Plaintiff is an aggrieved employee under PAGA.

94. As set forth above, Defendants have committed numerous violations for which the Labor Code provides for penalties, including violations of all applicable Labor Code provisions set forth in the foregoing causes of action. Labor Code §2699.5 identifies the aforementioned Labor Code provisions as statues to which §2699.3's procedural requirements must be met before a penalty may be assessed under §2699(f). Plaintiff has complied with the procedural requirements specified in §2699.3 by providing written notice to the Defendants and the Labor & Workforce Development Agency ("LWDA"). See Exhibit 1 attached hereto, which is a true and correct copy of the Notice correspondence showing compliance with §2699.3. No notice of intent to investigate the alleged violations was provided within the statutory period. Consequently, Plaintiff has exhausted administrative remedies, and on behalf of themselves and all other aggrieved current and former employees of Defendants. Plaintiff, therefore, now pursues this cause of action as permitted by §2698, et seq.

95. Enforcement of statutory provisions enacted to protect workers and to ensure proper and prompt payment of wages due to employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will

result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated herein is necessary, as no public agency has pursued enforcement. Plaintiff is incurring a financial burden in pursing this action and it would be against the interests of justice to require payment of attorneys' fees and costs from any recover that might be obtained herein, pursuant to, inter alia, Labor Code §§2698, *et seq.*, and Code of Civil Procedure §1021.5

96. In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to Plaintiff and against Defendants under Code of Civil Procedure §1021.5 and other applicable law in part, because:

**A.** A successful outcome in this action will result in the enforcement of important rights affecting the public interest by requiring Defendants to comply with the wage and hour laws and California's unfair business practice law;

**B.** This action will result in a significant benefit to Plaintiff, the Class, and the general public by bringing to a halt unlawful and/or unfair activity;

**C.** Unless this action is prosecuted, members of the Class and general public will not recover those moneys, and many of Defendants' employees would not be aware that the acts and practices they were subjected to by Defendants were wrongful;

**D.** Unless this action is prosecuted, Defendants will continue to mislead their employees about the true nature of their rights and remedies under the wage and hour laws; and

E. An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to Plaintiff, the Class, aggrieved employees, and to consumers in general, by preventing Defendants from continuing to circumvent the wage and hour statues and frustrate the long-standing recognition by the California legislature and the courts that such statutes, as pled herein, are not merely a matter of private concern between employer and employee to be eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private agreements. Rather, the wage and hour statutes have been described as a matter of public concern, were designed to provide minimum substantive guarantees to individual workers and are essential to public welfare.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

That Plaintiff, Class Members, and aggrieved employees receive an award in the amount of unpaid wages owed, including interest thereon, and penalties as follows:

For Causes of Action 1-8

1.    That the Court determine that this action may be maintained as a class action under Code of Civil Procedure § 382;

2.    Provision of class notice to all members of the Class;

3.    That Defendant is found to have violated the above-referenced provisions of the Labor Code, CCR and IWC Wage Order 1-2001 as to Plaintiff, Class Members and aggrieved employees;

<u>For the First Cause of Action- Failure to Pay Wages</u>:

1.     For compensatory damages according to proof at trial;

2.     For prejudgment interest, at the legal rate;

3.     For penalties pursuant to Labor Code §§ 203, 510, 558;

4.     For attorneys' fees;

5.     For costs of suit incurred herein; and

6.     For such other and further relief as the Court may deem appropriate.


<u>For the Second Cause of Action- Meal Period Violation</u>:

1.     For compensatory damages according to proof at trial;

2.     For additional wages pursuant to Labor Code § 512, 226.7;

3.     For penalties pursuant to Labor Code §§ 203 and 558;

4.     For attorneys' fees;

5.     For costs of suit incurred;

6.     For prejudgment interest; and

7.     For such other and further relief as the Court deems proper.


<u>For the Third Cause of Action- Failure to Provide and/or Authorize Rest Breaks</u>:

1.   For compensatory damages according to proof at trial;

2.   For additional wages pursuant to Labor Code § 226.7;

3.   For penalties pursuant to Labor Code §§ 203 and 558;

4.   For attorneys' fees;

5.   For costs of suit incurred;

6.   For prejudgment interest; and

7.   For such other and further relief as the Court deems proper.

For the Fourth Cause of Action- Failure to Reimburse Required Business Expenses

1. For compensatory damages according to proof at trial;

2. For reimbursement of all items purchased/used for business pursuant to Labor Code §2802

3. For attorneys' fees;

4. For costs of suit incurred;

5. For prejudgment interest; and

6. For such other and further relief as the Court deems proper.


For the Fifth Cause of Action- Failure to Timely Pay All Wages Owed:

1. For compensatory damages according to proof at trial;

2. For the wages of each Class Member at their regular daily rate up to a maximum of thirty (30) days;

3. For penalties pursuant to Labor Code §§ 203 and 558;

4. For attorneys' fees pursuant to Labor Code §§ 218.5 and 226, and any other applicable statute;

5. For all costs of suit herein incurred;

6. For an award of interest, including prejudgment interest, as provided by law and according to proof at trial; and

7. For such other relief, in law of in equity, as this Court deems just and proper.


For the Sixth Cause of Action- Inaccurate Payroll Records:

1. For compensatory damages according to proof at trial;

2. For penalties pursuant to Labor Code §§ 226 and 1174;

3. For attorneys' fees;

4. For costs of suit incurred;

5.  For prejudgment interest; and

6.  For such other and further relief as the Court deems proper.


For the Seventh Cause of Action- Failure to Maintain Safe Work Environment:

1.  For compensatory damages according to proof at trial;

2.  For attorneys' fees pursuant to Labor Code §§ 218.5 and 226, 2698 and any other applicable statute;

3.  For all costs of suit herein incurred;

4.  For an award of interest, including prejudgment interest, as provided by law and according to proof at trial; and

5.  For such other relief, in law of in equity, as this Court deems just and proper.


For the Eighth Cause of Action- Unfair Business Practices:

1.  For a preliminary and permanent injunction requiring Defendants to (1) pay all
    owed wages; (2) adopt a lawful timekeeping practice; (3) provide meal and rest periods; (4) provide safe working conditions; and (5) provide and maintain appropriate payroll records and all other available damages pursuant to 17200;

2.  For compensatory damages according to proof at trial;

3.  For attorneys' fees;

4.  For costs of suit incurred;

5.  For prejudgment interest; and

6.  For such other and further relief as the Court deems proper.


For the Ninth Cause of Action- PAGA

1. For penalties pursuant to the Private Attorneys General Act, Labor Code
   §2698 et seq.
2. For attorneys' fees;
3. For costs of suit incurred;
4. For such other and further relief as the Court deems proper.


DATED:  September 13, 2021                    KOUL LAW FIRM




BY: Nazo Koulloukian, Esq.

Attorneys for Plaintiff CRISTINA

CHAIREZ and putative class

members

# **EXHIBIT 1**

**Koul Law**

Nazo@Koullaw.com

P (213) 761 – 5484

F (818) 561 – 3938

3435 WILSHIRE BLVD

SUITE 1710

LOS ANGELES, CA 90010

www.koullaw.com

June 8, 2021

**Via E-filing:**
California Labor & Workforce
Development Agency
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

**Via Certified U.S. Mail:**

Rich Products Corporation
12805 Busch Pl
Santa Fe Springs, CA 90670

Rich Holdings Inc.
One Robert Rich Way
Buffalo, NY 14213

> Re:    **AMENDED PAGA** Notice Pursuant to California Labor Code §2699
> Claimant:    Cristina Chairez
> Employers:    Rich Products Corporation; Rich Holdings Inc.
> LWDA Case No. LWDA-CM-827785-21

Dear Sir or Madam:

Claimant Cristina Chairez has retained Nazo Koulloukian, Esq. and the KOUL LAW FIRM for wage and hour claims against her former employers Rich Products Corporation, and Rich Holdings Inc. (collectively "Rich Products" or "Employers").

Employer is a Delaware food product manufacturing company, registered to do business in the State of California. Ms. Chairez began working for Rich Products in July of 2018 and continued until December of 2020. Claimant and aggrieved employees worked as general laborers to support Rich Products in the manufacturing of food products.

Claimant now submits this Amended PAGA Notice to include claims related to Employers' inadequate and unsafe handling of COVID-19 in the workplace.

Rich Products has violated, and/or has caused to be violated, several Labor Code provisions, and it is therefore liable for civil penalties under Cal. Labor Code §2698 *et seq*. We request that your agency investigate the claims alleged below, or permit claimant to seek civil penalties under the Private Attorney General Act ("PAGA"), Labor Code §2698 *et seq.*, on behalf of the Labor and Workforce and development Agency ("LWDA") and the State of California in a representative action. This letter will serve as notice of these allegations pursuant to Cal. Lab. Code §2699.3.

## Failure to Pay Wages, including Overtime Wages

(Cal. Labor Code §§218, 510, 558, 1194, 1197, 1197.1, 1198, 2698 *et seq.,*

Wage Order 1)

Section 2(G) of Wage Order 1 defines "hours worked" as "the time during which an employee is subject to the control of an employer, and including all the time the employee is suffered or permitted to work, whether or not required to do so." When employees like Claimant and her coworkers earning wages at or near minimum wage do not receive payment for all hours worked, the result is that they are earning less than the statutory minimum wages for all hours worked. Employer has been engaged in many unlawful employment practices which resulted in underpayment for hours worked each pay period, including shaving time from their timecards due to employer rounding.

Pre and Post Shift Work and Time-Shaving

Claimant and aggrieved employees frequently worked off the clock and were routinely subjected to periods wherein they were under the Employers' control but not compensated for their time. Employees were required to undergo temperature checks during each of their shifts which were administered off the clock and took up to 3 minutes of their unpaid time.  Employers also rounded employee's timecard minutes, causing claimant and aggrieved employees to be underpaid on a daily basis.

When it comes to time shaving and rounding, the California Supreme Court has rejected the de minimis argument frequently echoed by employers, confirming that employees are entitled to payment for all hours (and minutes) worked. Indeed, California law will permit a "rounding policy only 'if the rounding policy is fair and neutral on its face and 'it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked.'" (*Troester v. Starbucks Corporation*, (2018) 5 Cal. 5th 829, 846, citing *See's Candy*, 210 Cal.App.4th at p. 907.) Employer rounds all clock in and clock out entries on Claimant and aggrieved employees' timecard.

The policy utilized by Employer is neither fair nor neutral, as it consistently shaved time from Claimant and aggrieved employees' hours worked, resulting in a failure

to compensate Claimant and aggrieved employees for all hours and overtime hours worked.

Work Performed During Unpaid Meal Periods

As more fully set forth below, Employer failed to permit Claimant and others to take timely, off-duty, first and second meal breaks of "not less than 30 minutes" for each five consecutive hours of work in violation of Labor Code §§226.7 and 512. From time-to-time Employees were not given their meal break within the statutory time period required or Employees experienced a disrupted meal break and were not given the entire 30-minute period for their meal break.

When employees like Claimant and aggrieved employees earning minimum wage do not receive payment for all hours worked, including off-the-clock and overtime hours worked, the result is that they are earning less than the statutory minimum wages for all hours worked, in violation of Labor Code §1197.

Failure to Pay COVID-19 Supplemental Paid Sick Leave

Pursuant to Labor Code §1197, "[t]he minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful." In the case of COVID-19, Executive Order N-51-20 requires that Employers provide 80 hours of paid sick leave to full time employees. Under the Executive Order food sector workers who work full time are entitled to 80 hours of paid sick leave if the worker is subject to a Federal, State, or local quarantine or isolation order related to COVID-19, or the worker is advised by a health care provider to self-isolate or self-quarantine due to health concerns related to COVID-19, or the worker is prohibited from working by the worker's hiring entity due to health care concerns related to the potential transmission of COVID-19.

In this case, Employer is a covered employer under N-51-20 and Claimant and aggrieved employees are covered employees. Although Claimant was sick with symptoms of COVID-19 and when she reported that she could not attend work due to her illness, which she believed to be COVID-19, she was not given the required time allowed for the illness. Instead, she was given points against her for her absence which led to her termination.

As a result of these practices, Employers have violated Cal. Labor Code §§218, 510, 1194, 1197, 1198 and Industrial Welfare Commission Wage Orders paragraph(3)(A)(1) for failure to pay overtime. Employers are liable for civil penalties pursuant to Cal. Labor Code §558 and 2698 *et seq.*

## **Failure to Provide Timely Meal Breaks**

(Cal. Labor Code §§226 (a), 226.7, 512, 558, 1198, 2698 *et seq.*, Wage Order 1)

Labor Code §512 provides, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes…" Labor Code §226.7(a) provides, "[n]o employer shall require an employee to work during any meal… period mandated by an applicable order of the Industrial Welfare Commission." Paragraph 11 of Wage Order 1 provides, in pertinent part, "[u]nless an employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."

In this case, Claimant claims that although she and her coworkers frequently worked 8-hour shifts, she was not always provided a full, uninterrupted 30-minute break. In order to take a meal break, Claimant would need to be relieved from her position. On occasion, Employer would fail to relieve Claimant from her duties so that she could take a compliant 30 minute meal period.

Section 11 of Wage Orders 1 requires employers to authorize and permit employees to take an uninterrupted 30-minute meal period after no more than 5 hours of work. Pursuant to Labor Code §1198, "the employment of any employee… under conditions of labor prohibited by the order is unlawful." Employer failed to permit Claimant and others to take timely, off-duty, meal breaks of "not less than 30 minutes" for each five consecutive hours of work in violation of Labor Code §§226.7 and 512. Employer never paid penalty pay to Claimant or aggrieved employees for noncompliant meal periods.. As a derivative claim, Claimant alleges that her pay statements were inaccurate, failing to include required meal period penalties, thus failing the requirements of Labor Code §226(a). As a result of these violations, Employers are liable for civil penalties pursuant to Cal. Labor Code §558 and §2698 *et. seq.*

## **Failure to Provide Rest Periods and Cool-Down Rest Periods**

(Cal. Labor Code §§226 (a), 226.7, 512, 558, 1198, 2698 *et seq.,* Wage Order 1)

Claimant and her fellow employees regularly worked in excess of four hours, or a major fraction thereof, during workdays without being provided at least a ten-minute rest period in which she was relieved of all duties, as required by Cal. Lab. Code §226.7, §512 and Wage Order 1. Employees were not able to take adequate 10-minute breaks due

having inadequate staff to relieve those needing a break, resulting in shortened or non-existent rest breaks for Claimant and aggrieved employees.

## **Failure to Reimburse For Required Business Expenses**

## **(Cal. Labor Code §§1198, 2802, 2699 et seq.)**

Labor Code §2802 requires employers to indemnify employees for necessary expenditures or losses incurred by employees in direct consequence of discharge of duties. Here, Employer required Claimant and employees to utilize their personal cellular telephones during their workday, during assignments, but failed to reimburse Claimant and employees for this use as required by the Labor Code. Accordingly, Employer is liable for civil penalties under PAGA §2698 *et seq.*

## **Failure to Pay Wages Due Upon Termination**

(Cal. Lab. Code §§201, 202, 203 and 2698 *et seq.* Wage Order 1)

Failure to Pay Wages Due Upon Termination

Labor Code section 201 states, in pertinent part, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202 states, in pertinent part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Labor Code section 203 provides that an employee's wages shall continue as a penalty from when they first become due at the same rate until paid for up to 30 days when an employer willfully fails to timely pay all earned and unpaid wages in accordance with Labor Code section 201 or 202.

Employer willfully failed to pay Claimant and aggrieved employees all wages due and owing upon separation of employment including, but not limited all earned regular and overtime wages, due to the practices discussed above. By furnishing Claimant and other separated aggrieved employees with a final check that failed to include all earned and owed wages, Employer violated Labor Code sections 201 and/or 202.

As a result of these violations, Employer is liable for civil penalties pursuant to Cal. Labor Code §558 and §2698 *et. seq.*

## Paystub and Record Keeping Violations

### (Cal. Lab. Code §§226, 1174, 2698 *et seq.*)

Employer knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Claimants and the aggrieved employees, and maintain accurate records, in accordance with Labor Code §§ 226 and 1174.

Based on and as a result of the above-mentioned Labor Code violations, Employers maintained and issued inaccurate wage statements, failing to include required hours and overtime hours worked and misrepresenting actual regular hours worked on the final wage statement. Employer further failed to include meal and rest period penalties, thus failing the requirements of Labor Code §226(a). Employer also failed to list required sick pay pursuant to Executive Order N-51-20. Such failures caused injury to Claimant and others, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled.

Claimant will seek penalties as permitted under Labor Code §226 for herself and other aggrieved employees for each violation. Further, claimant will seek recovery of civil penalties under Labor Code §226.3, and PAGA, Labor Code §2698, *et seq.*, on behalf of the LWDA against the Employers if authorized to file a representative action on behalf of the State of California for Employers' paystub violations.

## Failure to Provide Place Of Employment That Is Safe And Healthful

### (Cal. Labor Code §§6400, 6401, 6402, 6403, 6404, 6407, 2699 *et seq.*, 8 CCR 3202)

Cal. Labor Code § 6400(a) provides that every employer shall furnish employment and a place of employment that is safe and healthful for the employees therein. Cal. Labor Code §6401 provides that "every employer shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful. Every employer. Pursuant to Cal. Labor Code §6402, no employer shall require, or permit any employee to go or be in any employment or place of employment which is not safe and healthful. Cal. Labor Code §6403 states that no employer shall fail or neglect to provide and use safety devices and safeguards reasonably adequate to render the employment and place of employment safe, or to adopt and use methods and processes reasonably adequate to render the employment and place of employment safe, or to do every other thing reasonably necessary to protect the life, safety, and health of employees. Cal. Labor Code § 6404 provides that no employer shall occupy or maintain any place of employment that is not safe and healthful. Cal. Labor Code § 6407 provides

that every employer and every employee shall comply with occupational safety and health standards, with Section 25910 of the Health and Safety Code, and with all rules, regulations, and orders pursuant to this division which are applicable to his own actions and conduct.

Employer failed to timely make changes to the workplace at the onset of COVID. Under LC §6409.6(a)(1). "COVID-19" means severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2).

The Employees continued to work without distancing throughout the pandemic. Many employees got sick with COVID. As a result of these practices, Employers have violated Cal. Labor Code §§6400, 6401, 6402, 6403, 6404, and 6407 for failure to provide a safe and healthful environment for their Employees, as outlined above. Employers are liable for civil penalties pursuant to Cal. Labor Code §2699 *et seq.*

## Conclusion

Employers have violated a number of California wage and hour laws. Claimant respectfully requests that the agency investigate the above allegations and hereby provides notice of the allegations pursuant to PAGA's provisions. Alternatively, Claimant requests that the agency inform her if it does not intend to investigate these violations so that she may pursue her claims as a representative action in civil court.

Respectfully Submitted,

Nazo Koulloukian
KOUL LAW FIRM
Attorneys for Claimant



Nazo@Koullaw.com

P (213) 761 – 5484

F (818) 561 – 3938

3435 WILSHIRE BLVD

SUITE 1710

LOS ANGELES, CA 90010

www.koullaw.com

April 1, 2021

**Via E-filing:**
California Labor & Workforce
Development Agency
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

**Via Certified U.S. Mail:**
Rich Products Corporation
12805 Busch Pl
Santa Fe Springs, CA 90670

Rich Holdings Inc.
One Robert Rich Way
Buffalo, NY 14213

Re:     PAGA Notice Pursuant to California Labor Code §2699
Claimant:     Cristina Chairez
Employers:   Rich Products Corporation; Rich Holdings Inc.

Dear Sir or Madam:

Claimant Cristina Chairez has retained Nazo Koulloukian, Esq. and the KOUL LAW FIRM for wage and hour claims against her former employers Rich Products Corporation, and Rich Holdings Inc. (collectively "Rich Products" or "Employers").

Employer is a Delaware food product manufacturing company, registered to do business in the State of California. Ms. Chairez began working for Rich Products in July of 2018 and continued until December of 2020. Claimant and aggrieved employees worked as general laborers to support Rich Products in the manufacturing of food products.

Rich Products has violated, and/or has caused to be violated, several Labor Code provisions, and it is therefore liable for civil penalties under Cal. Labor Code §2698 *et seq*. We request that your agency investigate the claims alleged below, or permit claimant to seek civil penalties under the Private Attorney General Act ("PAGA"), Labor Code §2698 *et seq.*, on behalf of the Labor and Workforce and development Agency ("LWDA") and the State of California in a representative action. This letter will serve as notice of these allegations pursuant to Cal. Lab. Code §2699.3.

# **Failure to Pay Wages, including Overtime Wages**

(Cal. Labor Code §§218, 510, 558, 1194, 1197, 1197.1, 1198, 2698 *et seq.,*

Wage Order 1)

Section 2(G) of Wage Order 1 defines "hours worked" as "the time during which an employee is subject to the control of an employer, and including all the time the employee is suffered or permitted to work, whether or not required to do so." When employees like Claimant and her coworkers earning wages at or near minimum wage do not receive payment for all hours worked, the result is that they are earning less than the statutory minimum wages for all hours worked. Employer has been engaged in many unlawful employment practices which resulted in underpayment for hours worked each pay period, including shaving time from their timecards due to employer rounding.

Pre and Post Shift Work and Time-Shaving

Claimant and aggrieved employees frequently worked off the clock and were routinely subjected to periods wherein they were under the Employers' control but not compensated for their time. Employees were required to undergo temperature checks during each of their shifts which were administered off the clock and took up to 3 minutes of their unpaid time. Employers also rounded employee's timecard minutes, causing claimant and aggrieved employees to be underpaid on a daily basis.

When it comes to time shaving and rounding, the California Supreme Court has rejected the de minimis argument frequently echoed by employers, confirming that employees are entitled to payment for all hours (and minutes) worked. Indeed, California law will permit a "rounding policy only 'if the rounding policy is fair and neutral on its face and 'it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked.'" (*Troester v. Starbucks Corporation*, (2018) 5 Cal. 5th 829, 846, citing *See's Candy*, 210 Cal.App.4th at p. 907.) Employer rounds all clock in and clock out entries on Claimant and aggrieved employees' timecard.

The policy utilized by Employer is neither fair nor neutral, as it consistently shaved time from Claimant and aggrieved employees' hours worked, resulting in a failure to compensate Claimant and aggrieved employees for all hours and overtime hours worked.

Work Performed During Unpaid Meal Periods

As more fully set forth below, Employer failed to permit Claimant and others to take timely, off-duty, first and second meal breaks of "not less than 30 minutes" for each

five consecutive hours of work in violation of Labor Code §§226.7 and 512. From time-to-time Employees were not given their meal break within the statutory time period required or Employees experienced a disrupted meal break and were not given the entire 30-minute period for their meal break.

When employees like Claimant and aggrieved employees earning minimum wage do not receive payment for all hours worked, including off-the-clock and overtime hours worked, the result is that they are earning less than the statutory minimum wages for all hours worked, in violation of Labor Code §1197.

Failure to Pay COVID-19 Supplemental Paid Sick Leave

Pursuant to Labor Code §1197, "[t]he minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful." In the case of COVID-19, Executive Order N-51-20 requires that Employers provide 80 hours of paid sick leave to full time employees. Under the Executive Order food sector workers who work full time are entitled to 80 hours of paid sick leave if the worker is subject to a Federal, State, or local quarantine or isolation order related to COVID-19, or the worker is advised by a health care provider to self-isolate or self-quarantine due to health concerns related to COVID-19, or the worker is prohibited from working by the worker's hiring entity due to health care concerns related to the potential transmission of COVID-19.

In this case, Employer is a covered employer under N-51-20 and Claimant and aggrieved employees are covered employees. Although Claimant was sick with symptoms of COVID-19 and when she reported that she could not attend work due to her illness, which she believed to be COVID-19, she was not given the required time allowed for the illness. Instead, she was given points against her for her absence which led to her termination.

As a result of these practices, Employers have violated Cal. Labor Code §§218, 510, 1194, 1197, 1198 and Industrial Welfare Commission Wage Orders paragraph(3)(A)(1) for failure to pay overtime. Employers are liable for civil penalties pursuant to Cal. Labor Code §558 and 2698 *et seq.*

## **Failure to Provide Timely Meal Breaks**

(Cal. Labor Code §§226 (a), 226.7, 512, 558, 1198, 2698 *et seq.*, Wage Order 1)

Labor Code §512 provides, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal

period of not less than 30 minutes…" Labor Code §226.7(a) provides, "[n]o employer shall require an employee to work during any meal… period mandated by an applicable order of the Industrial Welfare Commission." Paragraph 11 of Wage Order 1 provides, in pertinent part, "[u]nless an employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."

In this case, Claimant claims that although she and her coworkers frequently worked 8-hour shifts, she was not always provided a full, uninterrupted 30-minute break. In order to take a meal break, Claimant would need to be relieved from her position. On occasion, Employer would fail to relieve Claimant from her duties so that she could take a compliant 30 minute meal period.

Section 11 of Wage Orders 1 requires employers to authorize and permit employees to take an uninterrupted 30-minute meal period after no more than 5 hours of work. Pursuant to Labor Code §1198, "the employment of any employee… under conditions of labor prohibited by the order is unlawful." Employer failed to permit Claimant and others to take timely, off-duty, meal breaks of "not less than 30 minutes" for each five consecutive hours of work in violation of Labor Code §§226.7 and 512. Employer never paid penalty pay to Claimant or aggrieved employees for noncompliant meal periods.. As a derivative claim, Claimant alleges that her pay statements were inaccurate, failing to include required meal period penalties, thus failing the requirements of Labor Code §226(a). As a result of these violations, Employers are liable for civil penalties pursuant to Cal. Labor Code §558 and §2698 *et. seq.*

### Failure to Provide Rest Periods and Cool-Down Rest Periods

(Cal. Labor Code §§226 (a), 226.7, 512, 558, 1198, 2698 *et seq.,* Wage Order 1)

Claimant and her fellow employees regularly worked in excess of four hours, or a major fraction thereof, during workdays without being provided at least a ten-minute rest period in which she was relieved of all duties, as required by Cal. Lab. Code §226.7, §512 and Wage Order 1. Employees were not able to take adequate 10-minute breaks due having inadequate staff to relieve those needing a break, resulting in shortened or non-existent rest breaks for Claimant and aggrieved employees.

### Failure to Reimburse For Required Business Expenses

### (Cal. Labor Code §§1198, 2802, 2699 et seq.)

Labor Code §2802 requires employers to indemnify employees for necessary expenditures or losses incurred by employees in direct consequence of discharge of

duties. Here, Employer required Claimant and employees to utilize their personal cellular telephones during their workday, during assignments, but failed to reimburse Claimant and employees for this use as required by the Labor Code.  Accordingly, Employer is liable for civil penalties under PAGA §2698 *et seq.*

## Failure to Provide Safe Working Conditions
## (Cal. Labor Code §1198, Wage Order 13 ¶15.)

Employer's workplaces would get unsafely hot due to the conditions while washing dishes. Employer does not have proper climate control. Claimant and his coworkers worked in extreme heat throughout the facility, break areas and rest rooms.

Wage Order 13  ¶15 requires:
(A) The temperature maintained in each work area shall provide reasonable comfort consistent with industry-wide standards for the nature of the process and the work performed.

In addition to climate control issues, Employer failed to take safety measures required to keep employees safe during COVID-19. Labor Code 1198 makes it unlawful to employ employee in conditions prohibited by the wage order. By violating the wage order, Employer is liable for civil penalties pursuant to §2698 *et. seq.*

## Failure To Provide Suitable Seating

## (Lab. Code section 1198 and Wage Order 16-2001, section 12)

Labor Code section 1198 states, in pertinent part, "The employment of any employee… under conditions of labor prohibited by the [Wage Order] is unlawful."

Section 12 of Wage Order 16 provides that:

(A)      All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.

(B)      When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.

At all relevant times, Employer failed to provide Claimant and aggrieved employees with suitable seating during their employment as required by section 12 of the applicable Wage Order. Claimant and other aggrieved employees were not provided with seating

during shifts in which they worked at positions which would reasonably permit the use of seating. Accordingly, Claimant, on behalf of herself and aggrieved employees, will pursue civil penalties under Labor Code §2698 *et seq*., and all available remedies to the extent allowed by law for the alleged violations.


## Failure to Pay Wages Due Upon Termination

(Cal. Lab. Code §§201, 202, 203 and 2698 *et seq.* Wage Order 1)

Failure to Pay Wages Due Upon Termination

Labor Code section 201 states, in pertinent part, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202 states, in pertinent part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Labor Code section 203 provides that an employee's wages shall continue as a penalty from when they first become due at the same rate until paid for up to 30 days when an employer willfully fails to timely pay all earned and unpaid wages in accordance with Labor Code section 201 or 202.

Employer willfully failed to pay Claimant and aggrieved employees all wages due and owing upon separation of employment including, but not limited all earned regular and overtime wages, due to the practices discussed above. By furnishing Claimant and other separated aggrieved employees with a final check that failed to include all earned and owed wages, Employer violated Labor Code sections 201 and/or 202.

As a result of these violations, Employer is liable for civil penalties pursuant to Cal. Labor Code §558 and §2698 *et. seq.*

## Paystub and Record Keeping Violations

(Cal. Lab. Code §§226, 1174, 2698 *et seq.*)

Employer knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Claimants and the aggrieved employees, and maintain accurate records, in accordance with Labor Code §§ 226 and 1174.

Based on and as a result of the above-mentioned Labor Code violations, Employers maintained and issued inaccurate wage statements, failing to include required hours and overtime hours worked and misrepresenting actual regular hours worked on the

final wage statement. Employer further failed to include meal and rest period penalties, thus failing the requirements of Labor Code §226(a). Employer also failed to list required sick pay pursuant to Executive Order N-51-20. Such failures caused injury to Claimant and others, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled.

Claimant will seek penalties as permitted under Labor Code §226 for herself and other aggrieved employees for each violation. Further, claimant will seek recovery of civil penalties under Labor Code §226.3, and PAGA, Labor Code §2698, *et seq.*, on behalf of the LWDA against the Employers if authorized to file a representative action on behalf of the State of California for Employers' paystub violations.

## Conclusion

Employers have violated a number of California wage and hour laws. Claimant respectfully requests that the agency investigate the above allegations and hereby provides notice of the allegations pursuant to PAGA's provisions. Alternatively, Claimant requests that the agency inform her if it does not intend to investigate these violations so that she may pursue her claims as a representative action in civil court.

Respectfully Submitted,

Nazo Koulloukian
KOUL LAW FIRM
Attorneys for Claimant